UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
------------------------------------------------------------------------X  
VICTOR HUGO PESANTEZ CASTRO,

                              Petitioner,

        -against-

RAUL MALDONADO, in his official capacity as Warden of the Brooklyn Metropolitan Detention Center; TODD LYONS, in his official capacity as field office director for United States Immigration and Customs Enforcement in New York; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; PAMELA BONDI, in her official capacity as Attorney General of the United States,

                              Respondents.  
------------------------------------------------------------------------X

**For Online Publication Only**

**MEMORANDUM & ORDER**  
25-CV-06844 (JMA)

**AZRACK, United States District Judge:**

On November 19, 2025, at approximately 6:00 a.m., U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner Victor Hugo Pesantez Castro in Corona, New York, while Petitioner was on his way to work. (ECF No. 1 ¶ 4, 22; ECF No. 13 ¶ 3.)

Petitioner is a thirty-five-year-old resident of Uniondale, New York, who entered the United States without inspection from Ecuador on or about August 2021. (ECF No. 1 ¶ 1, 3; ECF No. 13 ¶ 3.) Petitioner has resided in the United States since 2021. (ECF No. 1 ¶ 16.) He resides in Uniondale with his wife, eight-year-old daughter, and three-year-old U.S. citizen son. (ECF No. 1 ¶ 3.) Prior to November 19, 2025, Petitioner had never been encountered by ICE, U.S. Customs and Border Protection ("CBP"), or the U.S. Citizenship and Immigration Services ("USCIS"). (ECF No. 13 ¶ 3; No. 14 at 5.)

Sometime after his arrest on the morning of November 19, 2025, ICE issued Petitioner an I-200 arrest warrant and a Notice to Appear ("NTA") (Form I-862), charging him as inadmissible as a noncitizen "present in the United States without being admitted or paroled." (ECF No. 13 ¶ 3.) Later that same morning, at approximately 10:30 a.m., ICE determined that Petitioner was subject

to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A), and took Petitioner into custody at the Metropolitan Detention Center ("MDC") in Brooklyn, where he remains.[1]  (ECF No. 13 ¶ 3.)

On December 12, 2025, Petitioner initiated the instant action by filing a petition for a writ of habeas corpus. (ECF No. 1.)  On December 12, 2025, the Court issued an order to show cause directing Respondents to show cause why a writ of habeas corpus should not be issued.  On December 19, 2025, Respondents filed their opposition to the petition. (ECF No. 12.)  In their briefing, Respondents insist that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible for bond.  (Id.)

Respondents' reasoning is no different from the reasoning this Court recently rejected in two separate cases involving similarly situated Petitioners.  See Memorandum and Order, Molina v. Deleon, No. 25-cv-6526 (E.D.N.Y. Dec. 23, 2025), ECF No. 18; Memorandum and Order, Montoya v. Bondi, No. 25-cv-6363 (E.D.N.Y. Dec. 23, 2025), ECF No. 22.  Respondents in their briefing state that they are "aware of" the Temporary Restraining Orders issued by this Court in Molina and Montoya, but posit that those cases are "distinguishable" from the instant case (ECF No. 12 at 9.)  However, in their briefing, Respondents offer no reason why those cases are distinguishable, and indeed, there is none.  As the Court concluded with respect to the petitioners in Montoya and Molina, at the time of Petitioner's arrest, he was not "seeking admission" within the scope of Section 1225; rather, he had been living in the United States for over four years.  In arguing to the contrary, Respondents merely regurgitate the same arguments that this Court and

---

[1] On December 5, 2025, Petitioner filed a motion for bond re-determination.  (ECF No. 13 ¶ 6, 8.)  On December 9, 2025, counsel for Petitioner withdrew the pending motion and filed a new motion, a hearing on which was scheduled for December 17, 2025.  (Id. ¶ 8.)  On December 17, 2025, counsel for Petitioner again withdrew the motion to refile it.  (Id.)  Respondents make no argument that these facts concerning Petitioner's bond motions have any legal significance for this case and have instead argued that Petitioner is detained under Section 1225 and, thus, is not eligible for bond.

many other courts have already rejected.[2]

Given the similarity between the facts in this case and those presented in <u>Molina</u> and <u>Montoya</u>, the Court concludes that its analysis in those cases applies equally to the instant petition. <u>See</u> Memorandum and Order, <u>Molina v. Deleon</u>, No. 25-cv-6526 (E.D.N.Y. Dec. 23, 2025), ECF No. 18; Memorandum and Order, <u>Montoya v. Bondi</u>, No. 25-cv-6363 (E.D.N.Y. Dec. 23, 2025), ECF No. 22). Accordingly, the petition for a writ of habeas corpus is now GRANTED. Respondents are ordered to release Petitioner from custody immediately, and to submit a letter on the docket within 24 hours of this Order confirming Petitioner's release.

**SO ORDERED.**

Dated:   December 23, 2025
        Central Islip, New York

                                                              /s/ (JMA)
                                                             JOAN M. AZRACK

---

[2] Respondents have offered evidence that Petitioner was arrested "pursuant to an I-200 arrest warrant" and that "(d)uring the same set of processing" he was served with a NTA. (ECF No 13. ¶ 3). However, Petitioner has also established—and Respondents do not clearly contest—that Petitioner was not served with either a NTA or an arrest warrant at the time of his arrest, but instead was served with them at some point thereafter. (<u>See</u> ECF No. 1 ¶ 5, 6; ECF No. 13 ¶ 3; ECF No. 14 at 4.) Respondents also do not dispute that Petitioner did not receive an individualized custody determination before or at the time of his arrest. (ECF No. 1 ¶ 6, 36). Both failures may provide additional independent bases for granting the writ. (<u>See e.g.</u> 8 C.F.R. 1236.1 (providing that "[a]t the time of the issuance of the notice to appear, or at any time thereafter . . . the respondent may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest"); <u>Gopie v. Lyons</u>, No. 25-cv-05229, 2025 WL 3167130 (E.D.N.Y. Nov. 13, 2025) (holding that the failure to issue an NTA prior to petitioner's arrest on an I-200 warrant and failure to provide a custody determination prior to or contemporaneous with the petitioner's detention provided independent bases for releasing the petitioner and granting the writ)).